BYRNES, Judge.
On September 11, 1986, the defendant, Alvin Shannon, was charged with second degree murder, a violation of R.S. 14:30.1. On January 13, 1987, a jury found the defendant guilty as charged. A motion for new trial was denied on February 4, 1987. Thereafter the court sentenced Shannon to serve life at hard labor without benefit of parole, probation or suspension of sentence. This appeal follows.
FACTS
On August 20, 1986, Delores Shannon died of a shotgun wound to her back. Officer Kevin Doucette investigated the call of the shooting and found no signs of struggle and no weapon.
Dr. Ivan Sherman testified at trial that he was the emergency room physician at JoEllen Smith Hospital and that he treated the victim, but was unable to save her life. He said that in addition to the wound to her back, there was an another shotgun wound to her foot. Before she died, the victim told Sherman “my old man did it”.
David Shannon, son of the victim and the defendant, testified that his parents had an argument two weeks prior to his mother’s death and that his father had stabbed his mother. His father left the house for the next two weeks. On the night of the death, David and his brother, Calvin, were home with their mother. His father arrived at the house and his mother asked him to leave. When he refused to do so, she left and went to the house of David’s brother, Joe. His father subsequently left. Later, his mother returned and fell asleep. His father then returned and when David asked him to leave, the defendant produced a shotgun and threatened David. The defendant and David then struggled through the house. When they entered the victim’s room, David stood between his mother and defendant and tried to reason with his father. His mother then picked up an Easter basket and threw it at his father. The fight cooled for a while, but then the defendant began waving the gun and shot the victim in her foot. She fell to the floor. Calvin pulled David out of the room, and David heard a second gunshot. He called unsuccessfully for help from the police and then drove with his mother to the hospital in a car someone had stopped for help.
Officer Patrick Jones testified he spoke to the emergency room physician and then obtained an arrest warrant. He went to the homicide office where he learned the defendant had turned himself in.
The defendant testified to a substantially different version of the shooting incident. Shannon stated that his marriage was ordinary until his wife developed thyroid trouble. When she took her thyroid medicine and drank she was “a different person”. He went to the apartment on the night of the killing to gather his possessions for a move to Texas. The victim threatened to call their son, Joe, who had beaten the defendant in the past. The defendant got his gun from his truck and returned to the apartment. David rushed into the bedroom and shielded his mother. The defendant saw that Joe was not there and was about to put the gun away. The victim then threw a pair of scissors at the defendant, and the gun discharged. The victim fell to a kneeling position and reached under the mattress. David fled the room. Believing David had been shot and fearing the victim was about to get a knife and stab him, he shot the victim. He fled the house, threw the gun in the river and then turned himself in.
Dr. Paul McCrary, pathologist for the Orleans Parish Coroner’s Officer, testified that in his opinion, the wound to the foot was suffered while the victim stood, and that the wound to the back was suffered while the victim was lying on the ground. He stated the evidence showed the shotgun *1115 blast to the back was suffered while the gun was only five or six inches from the victim’s back. He said the victim’s blood alcohol level was .07, but there was no evidence of drugs.
ASSIGNMENTS OF ERROR
By his first assignment of error the defendant argues the trial court erred in denying the defendant’s motion for mistrial based on prejudicial and inflammatory comments of the State in closing argument.
During the State’s rebuttal argument, the State began to argue the available sentence for manslaughter as being zero to twenty one years. The Court sustained the defense objection. The State then said: “At the very most, in 21 years he will be on the street”. The court again sustained the defense objection. The State then told the jury that there is a difference between manslaughter and second degree murder and that the provisions for second degree murder are without benefit of parole, probation or suspension of sentence. The prosecutor stated that in the case of manslaughter the defendant “could conceivably come out of jail, get another wife, another chance to ...” The judge again sustained the defense objection and reminded the jury that sentencing is the province of the judge, and that the jury should simply apply the law to the evidence and “... not get bogged down in a lot of other things.”
C.Cr.P. Art. 774 provides that the scope of closing argument “... shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the State or defendant may draw therefrom, and to the law applicable to the case.” Arguments which go beyond the scope of Article 774 fall within the ambit of C.Cr.P. Arts. 770 or 771. The remarks in this case do not fall within those listed in Article 770, which lists comments requiring automatic mistrial upon motion of the defense. However, the comments do fall within the scope of C.Cr.P. Art. 771 which provides:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury. When the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury.
(1) When the remark or comment is made by the judge, the district attorney, or a court official and the remark is not within the scope of Article 770 ...
IN such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
In the present case, the prosecutor attempted to argue the penalty provisions of the charged and lesser included offense, both non-capital offenses. The determination of the appropriate penalty and the imposition of sentence in non-capital cases are functions of the judge. State v. Harris, 258 La. 720, 247 So.2d 847 (1971). When the penalty is the responsibility of the judge alone, the sentencing law is an improper subject for argument to the jury. Id. 247 So.2d at 851.
The trial court in this case repeatedly sustained the defense objections and admonished the jury that sentencing was the province of the judge. He also explained to the jury that they were to apply the law to the evidence. We find these admonitions sufficient to assure the defendant a fair trial. The trial court did not err in denying defendant’s motion for a mistrial. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
By his second assignment of error, the defendant argues that the evidence was insufficient to support the conviction. In assessing the evidence to support a conviction in a direct evidence case, the reviewing court must determine whether, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982). To prove second degree murder, the State must prove a killing when the offend *1116 er had specific intent to kill or inflict great bodily harm. R.S. 14:30.1.
In this case, there is no dispute that the defendant killed the victim. Delores Shannon stated it before she died. David Shannon saw the defendant shoot the victim. The defendant admitted shooting the victim.
As to the second element, the pathologist testified that the wound that killed the victim was inflicted from a distance of only five to six inches. The specific intent to kill can be inferred from the fact the defendant shot the victim twice, the second time in the back from a very close range. State v. Noble, 425 So.2d 734 (La.1983); State v. Boyer, 406 So.2d 143 (La.1981).
The defendant, however, states that he acted in self-defense because he had reason to believe that the victim was reaching for a knife with which to attack the defendant when he fired at the victim. This argument is undermined, however, by the testimony of David Shannon who stated the defendant took the knife the victim kept under her bed during the stabbing incident two weeks prior to the shooting. ' He said his father took all of the scissors from the house, except one pair which David kept under his bed. He said his mother did not throw scissors, but an Easter basket. Moreover the defendant was shot in the back while she lay wounded on the floor, indicating she was not in a position to reach for a knife to stab the defendant.
The defendant argues he only should have been convicted of manslaughter because the killing was accomplished during sudden passion or heat of blood. The defendant cites anxiety over his impending move to Texas, his having discharged the gun accidently, and his belief that he had shot his son, David. However, David testified that his father left the house after his mother warned him to leave, and some time later returned with a gun. Defendant quickly entered the bedroom where the victim lay in bed and killed her within minutes. In our opinion, these facts do not suggest that the crime was committed in heat of blood or sudden passion.
We therefore, find that the evidence was sufficient to support the conviction.
This assignment of error is without merit.
PRO SE ASSIGNMENT OF ERROR
In his only pro se assignment of error, the defendant makes the unsupportable argument that the death certificate was falsified and that the victim died from treatment received in the emergency room, not from the shotgun blast. There is no evidence the death certificate was falsified. All evidence establishes the emergency room team tried to save the victim’s life, but that she died from a shotgun blast to her back.
This assignment of error is without merit.
ERRORS PATENT
The court has reviewed the record for errors patent and has found none.
Based on the foregoing, defendant’s conviction and sentence are hereby affirmed.
CONVICTION AND SENTENCED AFFIRMED.