629 So.2d 1195 (1993)
STATE of Louisiana
v.
Brady LOCKHART.
No. 92 KA 1647.
Court of Appeal of Louisiana, First Circuit.
October 15, 1993.
Rehearing Denied December 6, 1993.
*1199 Doug Moreau, Dist. Atty., Office of the Dist. Atty., by Brenda Creswell, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
Audrey A. McCain, Plaquemine, for defendant/appellant.
Before FOIL, PITCHER and PARRO, JJ.
PITCHER, Judge.
The defendant, Brady Lockhart, and a co-defendant, Lamon Lamar "Jeff" Moody, IV, were jointly charged by grand jury indictment with two counts of attempted first degree murder, in violation of LSA-R.S. 14:27 and 14:30. The defendant pled not guilty and, after trial by jury, was found guilty as charged on both counts.[1] The defendant received two concurrent sentences of thirty years at hard labor, with credit for time *1200 served. He has appealed, alleging eight assignments of error, as follows:
1. The trial court erred in allowing the use of simultaneous peremptory challenges.
2. The trial court erred in restricting the scope of defense counsel's voir dire examination.
3. The trial court erred in refusing to exempt the defendant's ballistics expert from sequestration.
4. The trial court erred in denying the defendant's motion to suppress.
5. The defendant received ineffective assistance of counsel at trial.
6. The trial court erred in imposing excessive sentences.
7. During cross-examination of the defendant, the prosecutor improperly referred to inadmissible other crimes evidence.
8. The prosecutor exceeded the scope of closing argument by appealing to the sympathy of the jury.

FACTS
At approximately 2:00 a.m. on July 24, 1991, the defendant and his friend, Jeff Moody, were driving in the defendant's sports car when they decided to follow a young lady home to her apartment in the Plantation Trace Apartments on Highland Road in Baton Rouge. The defendant and Moody had been drinking all night long at the defendant's brother's apartment and at bars in the L.S.U. area. When they entered the Plantation Trace Apartment complex, they became lost and, at one point, pulled into a particular parking lot at a high rate of speed. A confrontation erupted with a group of students who were returning from an evening of eating and drinking in the L.S.U. area. One of the group, Terry Tridico, hollered at the defendant to slow down, resulting in a verbal shouting match between the defendant, Tridico, and perhaps others. Mr. Tridico and Gary Massie kicked the defendant's car. Moody responded by throwing a tire iron at them before the defendant and Moody drove away. The group of students then entered a nearby apartment.
Meanwhile, the defendant and Moody decided to find some guns and return to the apartment where the confrontation occurred. They drove to a friend's house and obtained two .22 caliber rifles before returning to the apartment, whereupon they waited outside. Subsequently, when Tridico exited the apartment and walked onto the balcony, the defendant and Moody opened fire. Tridico was struck five times in the left thigh and knee. Sherri Troxclair, one of the students who was inside the apartment, was hit by a single bullet which struck her spinal cord. After the shootings, the defendant and Moody drove away. Later, the defendant told some friends about the shooting incident. Subsequently, the defendant surrendered to the authorities and gave a taped confession, wherein he admitted his involvement in the shootings but claimed that he and Moody only intended to scare the victims and did not mean to hit anyone. As a result of this shooting incident, Ms. Troxclair lost a lung and is paralyzed from the chest down.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, the defendant contends that the trial court erred in allowing the use of simultaneous peremptory challenges.
Although the defendant did not enter a contemporaneous objection during voir dire to the exercise of simultaneous peremptory challenges, his argument is not based on procedural grounds.[2] Instead, he contends that exercising simultaneous peremptory challenges violates the Louisiana Constitution because this procedure possibly dilutes the number of challenges exercised by a defendant. The defendant asserts that he might have exercised some peremptory challenges against prospective jurors who also were challenged by the State and, therefore, his actual number of peremptory challenges was thereby reduced.
LSA-C.Cr.P. art. 788 provides:

*1201 A. After the examination provided by Article 786, a prospective juror may be tendered first to the state, which shall accept or challenge him. If the state accepts the prospective juror, he shall be tendered to the defendant, who shall accept or challenge him. When a prospective juror is accepted by the state and the defendant, he shall be sworn immediately as a juror. This Article is subject to the provisions of Articles 795 and 796.
B. If the court does not require tendering of jurors, it shall by local rule provide for a system of simultaneous exercise of challenges.
In State v. Jones, 526 So.2d 1374, 1379 (La.App. 1st Cir.1988), this court found no error in the trial court's compliance with a local rule of the 19th Judicial District Court requiring simultaneous exercise of peremptory challenges. Apparently, however, there was no constitutional challenge presented in State v. Jones. In his brief to this court, the defendant erroneously claims that the Louisiana Constitution provides that each defendant shall have twelve peremptory challenges. Instead, Louisiana Constitution Art. 1, § 17, provides, in pertinent part:
The accused shall have the right to full voir dire examination of prospective jurors and to challenge jurors peremptorily. The number of challenges shall be fixed by law.
Although the Louisiana Constitution grants to a criminal defendant the right to challenge jurors peremptorily, it does not give him the right to a specified number of challenges. The discretion to fix the number of challenges has been given to the legislature. State v. Bennett, 454 So.2d 1165, 1174 (La. App. 1st Cir.), writ denied, 460 So.2d 604 (La.1984). See also LSA-C.Cr.P. art. 799. Accordingly, we find that a system of exercising simultaneous peremptory challenges specifically provided in a local court rule pursuant to Article 788 B does not violate Louisiana Constitution Article 1, § 17. For these reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, the defendant contends that the trial court erred in restricting the scope of defense counsel's voir dire examination.
During defense counsel's voir dire examination of the third panel of prospective jurors, the following colloquy occurred:
DEFENSE COUNSEL: IF IT IS ADDUCED AT TRIAL THAT MORE THAN ONE RIFLE WAS DISCHARGED, ARE YOU GOING TO WANT TO KNOW WHOSE BULLET HIT WHOM?
PROSPECTIVE JUROR: I WOULD.
PROSECUTOR: NOW, YOUR HONOR, I'M GOING TO OBJECT TO THAT QUESTION. THAT IS ASKING THIS JURY TO COMMIT THEMSELVES ON THE FACTS OF THIS CASE.
DEFENSE COUNSEL: I'M JUST ASKING, JUDGE, IF THEYIF THAT'S SOMETHING THEY WOULD WANT TO KNOW.
PROSECUTOR: HE'S
DEFENSE COUNSEL: I'M NOT ASKING FOR A COMMITMENT ON ANYTHING, JUDGE.
THE COURT: I'M GOING TO SUSTAIN THE OBJECTION.
An accused in a criminal case is constitutionally entitled to a full and complete voir dire examination and to the exercise of peremptory challenges. La. Const. Art. 1, § 17. LSA-C.Cr.P. art. 786 provides that the trial court, the state, and the defendant shall have the right to examine prospective jurors. State v. Bell, 477 So.2d 759, 765 (La.App. 1st Cir.1985), writ denied, 481 So.2d 629 (La.1986).
Voir dire examination is designed to discover grounds for challenges for cause and to secure information for an intelligent exercise of peremptory challenges. The scope of voir dire examination is within the sound discretion of the trial court, and its rulings will not be disturbed on appeal in the absence of a clear abuse of discretion. State v. Williams, 560 So.2d 519, 523 (La.App. 1st Cir.1990). A review of its rulings should be undertaken only on the record of the voir dire examination as a whole to determine *1202 whether or not a sufficiently wide latitude was afforded the defendant in examining prospective jurors. State v. Burton, 464 So.2d 421, 425 (La.App. 1st Cir.), writ denied, 468 So.2d 570 (La.1985).
The defendant should be allowed to make such inquiries of prospective jurors as will enable him to secure his constitutional rights by eliciting facts which show grounds for challenges. His right to intelligently exercise cause and peremptory challenges may not be curtailed by the exclusion of non-repetitious voir dire questions which reasonably explore the prospective jurors' potential prejudices, predispositions, or misunderstandings relevant to the central issues of the particular case. However, voir dire examination may not encompass unlimited inquiry into all possible prejudices of prospective jurors, nor their opinions on the evidence (or its weight) to be offered at trial, nor hypothetical questions and questions of law which call for any prejudgment of supposed facts. State v. Bell, 477 So.2d at 766.
After a review of the entire voir dire examination, we find the trial court did not unduly restrict defense counsel's questioning of the prospective jurors on the issues of intent and principals. Furthermore, after considering the above quoted questions by defense counsel in light of the jurisprudence cited herein, we find no error in the trial court's ruling sustaining the prosecutor's objection to this question. The question was improper because it directly referred to the key facts in the case (i.e., that both the defendant and Moody fired shots at the victims, and that there was some question as to which of the gunmen fired the shots which struck the victims) and it required a prejudgment or commitment by the prospective jurors regarding those facts. See State v. Thomas, 589 So.2d 555, 564-566 (La.App. 1st Cir.1991); State v. Burton, 464 So.2d at 424-426. This assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error, the defendant contends that the trial court erred in refusing to exempt the defendant's ballistics expert from the sequestration order.
During the trial, the prosecutor noticed that a defense witness, Charles Haase, was present in the courtroom. After the jury was removed, defense counsel explained that Mr. Haase was the defense ballistics expert. However, the trial court noted that defense counsel should have laid a foundation to explain why Mr. Haase should be allowed to remain in the courtroom. Although defense counsel attempted to do so, the trial court sustained the prosecutor's objection and ordered Mr. Haase sequestered.
Louisiana Code of Evidence Article 615 provides, in pertinent part:
A. On its own motion the court may, and on request of a party the court shall, order that the witnesses be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interests of justice, the court may exempt any witness from its order of exclusion. However, this Article does not authorize exclusion of:
* * * * * *
(3) A person whose presence is shown by a party to be essential to the presentation of his cause such as an expert; ...
The defendant cites Comment (e) to Article 615 for the proposition that, because Mr. Haase was not a fact witness and would only testify based upon his opinion as an expert, he should not have been sequestered. We agree. Although defense counsel should have made known to the trial court that he wished to have Mr. Haase exempted from sequestration and explained the reasons therefor at the time the sequestration order was entered, we find that defense counsel did establish sufficient reasons (during the argument on the prosecutor's objection to this sequestration order violation) to have this expert witness exempted from the sequestration order.
Nevertheless, as the State correctly notes in its brief to this court, the defendant has not demonstrated any prejudice resulting from this ruling by the trial court. Mr. Haase was not excluded from the entire presentation *1203 of the State's case. When Mr. Haase testified, he indicated that his opinion was based on police reports, crime scene photographs, his personal inspection of the crime scene, the firearms and ammunition introduced into evidence, and the testimony of the State's expert witnesses. Mr. Haase testified at length and gave his opinion as to the manner in which the shootings occurred. Therefore, the defendant obviously was not prejudiced by the trial court's ruling ordering Mr. Haase to be excluded from the courtroom during a part of the State's case.
Therefore, for the above reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER FOUR
In this assignment of error, the defendant contends that the trial court erred in denying his motion to suppress. Specifically, he contends that the trial court erred in failing to suppress his taped confession and the firearms introduced into evidence at the trial.[3] The defendant contends that his taped confession was involuntary because he was "tricked" into believing that he had been identified by the victims and because of a promise of cooperation with the District Attorney's Office.
It is well-settled that for a confession or inculpatory statement to be admissible into evidence, the State must affirmatively show that it was freely and voluntarily given without influence of fear, duress, intimidation, menace, threats, inducements, or promises. LSA-R.S. 15:451. The State must specifically rebut a defendant's specific allegations of police misconduct in eliciting a confession. State v. Thomas, 461 So.2d 1253, 1256 (La.App. 1st Cir.1984), writ denied, 464 So.2d 1375 (La.1985). Additionally, the State must show that an accused who makes a statement or confession during custodial interrogation was first advised of his Miranda rights. State v. King, 563 So.2d 449, 453 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (La.1990).
The admissibility of a confession is, in the first instance, a question for the trial court; its conclusions on the credibility and weight of the testimony relating to the voluntary nature of the confession are accorded great weight and will not be overturned unless they are not supported by the evidence. See State v. Patterson, 572 So.2d 1144, 1150 (La.App. 1st Cir.1990), writ denied, 577 So.2d 11 (La.1991); State v. Sanford, 569 So.2d 147, 150 (La.App. 1st Cir. 1990). Whether or not a showing of voluntariness has been made is analyzed on a case by case basis with regard to the facts and circumstances of each case. State v. Benoit, 440 So.2d 129, 131 (La.1983). The trial court must consider the totality of the circumstances in deciding whether a confession is admissible. State v. Hernandez, 432 So.2d 350, 352 (La.App. 1st Cir.1983).
Baton Rouge Police Detectives Greg Phares and Ernie Brewer testified at the motion to suppress hearing.[4] Both detectives testified that the defendant did not appear to be under the influence of alcohol or drugs and that he understood what he was doing. They testified that the defendant was first advised of his Miranda rights and, subsequently, he voluntarily gave a taped statement admitting his role in the shootings but claimed that he only intended to scare the victims and did not actually intend to hit them. During the interrogation, the defendant voluntarily cooperated with the detectives *1204 by leading them to the apartment where he and Moody had obtained the rifles prior to the shooting incident.
Detective Phares testified that he only asked the defendant to tell the truth when giving the statement and if the truth was that the shooting was accidental, or if he did not intend to shoot the girl but intended to shoot someone else, Phares would inform the District Attorney's Office. Detective Brewer admitted that he told the defendant at some point during the interrogation that he had been identified by the victims when such information was not correct. He explained that he told the defendant this information in order to make it appear that the police knew all of the details of this shooting incident.
In a written judgment denying the motion to suppress, the trial court disapproved of Detective Brewer's "trickery" but found that such tactics did not render the defendant's confession involuntary when considering the totality of the circumstances. The trial court's ruling is correct. Contrary to the defendant's argument, a statement by Detective Phares that he would inform the District Attorney's Office that the defendant claimed the shootings were accidental is not a sufficient inducement to render a subsequent confession inadmissible. See State v. Sanford, 569 So.2d at 152. Furthermore, Detective Brewer's statement, which misled the defendant into believing that the victims had identified him as a perpetrator, while relevant, was insufficient to make an otherwise voluntary confession inadmissible. See State v. Sanford, 569 So.2d at 152. For the above reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER SIX
In this assignment of error, the defendant contends that the trial court erred in imposing excessive sentences. Specifically, the defendant argues in his brief to this court that the trial court failed to comply with the sentencing guidelines in LSA-C.Cr.P. art. 894.1.
LSA-C.Cr.P. art. 894.1 (as amended by Act 22, § 1, of 1991) now provides, in pertinent part:
A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.

* * * * * *
C. The court shall state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence.
However, LSA-C.Cr.P. art. 881.1 provides, in pertinent part:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
* * * * * *
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Article 881.1 took effect on January 31, 1992. See Act 38, § 3, of 1991. The defendant was sentenced on June 24, 1992. The instant record does not contain a motion to reconsider sentence. Under the clear language of Article 881.1 D, this failure to file or make a motion to reconsider sentence precludes the defendant from raising this argument on appeal. State v. Myles, 616 So.2d 754, 759 (La.App. 1st Cir.1993). Therefore, *1205 for the reasons herein stated, we find this assignment of error meritless.

ASSIGNMENT OF ERROR NUMBER SEVEN
In this assignment of error, the defendant contends that the prosecutor improperly referred to inadmissible other crimes evidence during her cross-examination of the defendant.
During the prosecutor's cross-examination of the defendant, the following colloquy occurred:
Q. AND YOU AND JEFF WERE REAL GOOD FRIENDS?
A. YES.
Q. AND YOU AND JEFF ALWAYS HUNG OUT TOGETHER, RIGHT?
A. YES.
Q. AND YOU GOT REAL DRUNK THAT NIGHT, YOU SAID?
A. THE NIGHT OF THE INCIDENT?
Q. UH-HUH.
A. YES, MA'AM.
Q. HOW OFTEN DO YOU GET THAT DRUNK?
A. SOMETIMES I GO OUT AND I MIGHT DRINK SOME AND OTHERS I DRINK A LOT.
Q. SO YOU WERE DRIVING ALL OVER THE CITY OF BATON ROUGE REALLY, REALLY DRUNK AND ENDANGERING THE LIVES OF ALL THE PEOPLE IN THIS PARISH?
A. YES, MA'AM. I GUESS I WAS.
Q. HOW OFTEN DO YOU DO THAT?
DEFENSE COUNSEL: OBJECTION AS TO RELEVANCE, JUDGE.
PROSECUTOR: WITHDRAW THAT.
THE COURT: SUSTAINED.
LSA-C.Cr.P. art. 770 provides, in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible; ...
* * * * * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
Initially, we note that the defendant objected only on the grounds of relevance, and the trial court sustained this objection. Thereafter, defendant did not object on the grounds of other crimes evidence, nor did he request an admonition or a mistrial. Therefore, this argument constitutes a new ground for objection which cannot be raised for the first time on appeal. See La.C.Cr.P. art. 841; La.Code of Evidence art. 103 A(1); State v. Neidlinger, 560 So.2d 526, 528 (La.App. 1st Cir.1990); State v. Hawkins, 496 So.2d 643, 647 (La.App. 1st Cir.1986), writ denied, 500 So.2d 420 (La.1987).
Furthermore, as the State correctly notes in its brief to this court, the prosecutor's questions did not constitute a reference to other crimes evidence because drinking and driving alone, without proof of legal intoxication, do not constitute the offense of driving while intoxicated. Moreover, while we note that the prosecutor's questions on this basis were somewhat ambiguous as to time frame, to the extent that the prosecutor's questions might have referred to the defendant's drinking and driving at the time of these offenses, any such evidence was admissible as a part of the res gestae. See La.Code of Evidence art. 404 B(1). Regarding any portion of the prosecutor's questioning on this basis that referred to the defendant's drinking and driving at times other than the day of these offenses, any error was cured by the trial court's ruling sustaining the defendant's objection on the grounds of relevance.
*1206 In any event, even assuming, arguendo, that the prosecutor's questioning constituted inadmissible other crimes evidence of driving while intoxicated, for the reasons which follow, we find that any such error was harmless beyond a reasonable doubt. The defendant testified as to his heavy drinking at the time of these offenses in an attempt to develop a defense of voluntary intoxication sufficient to negate the formation of specific intent to commit these offenses. Furthermore, throughout the trial, other witnesses testified regarding drinking at the time of these offenses. Therefore, given these references to drinking and driving in this trial, and the fact that such behavior was a key component of the theory of defense, any error in referring to the defendant's driving while intoxicated either at the time of these offenses or on unrelated occasions was harmless beyond a reasonable doubt in light of the overwhelming evidence of the defendant's guilt. See La.C.Cr.P. art. 921; State v. Trosclair, 584 So.2d 270, 277-279 (La.App. 1st Cir.), writ denied, 585 So.2d 575 (La.1991); State v. Hall, 558 So.2d 1186, 1188-1191 (La.App. 1st Cir.), writ denied, 564 So.2d 318 (La.1990). For the above reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER EIGHT
In this assignment of error, the defendant contends that the prosecutor exceeded the scope of closing argument by appealing to the sympathy of the jury.
LSA-C.Cr.P. art. 774 provides:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant.
At the conclusion of her closing argument, the prosecutor stated:
HE DOESN'T HAVE ANY REASON TO LIE. NO, HE'S JUST FACING JAIL OF ZERO TO FIFTY YEARS. AND I KNOW THAT WHAT THE DEFENSE LAWYER'S GOING TO ASK YOU TO DO IS GIVE HIM A BREAK, FIND THAT HE HAD NO INTENT TO KILL IN THIS CASE. GIVE HIM A BREAK. GIVE HIM ANOTHER SLAP ON THE HAND. GIVE SOME REDUCED CHARGE IN THIS CASE. THAT'S WHAT HE'S GOING TO ASK YOU FOR. COME BACK WITH A REDUCED CHARGE, MAYBE AGGRAVATED BATTERY, SOMETHING LIKE THAT, THAT CARRIES ZERO TO MAYBE TEN YEARS; OR MAYBE ATTEMPTED MANSLAUGHTER, ZERO TO TEN AND A HALF YEARS, ANOTHER SLAP ON THE HAND. THAT'S WHAT HE'S GOING TO ASK YOU TO DO. AND I ASK YOU AND I TELL YOU THAT WOMAN'S NOT GOING TO BE OUT OF HER WHEELCHAIR IN TEN AND A HALF YEARS. SHE'S NOT GOING TO BE OUT OF HER WHEELCHAIR IN 60 YEARS. DON'T GIVE HIM ANOTHER SLAP ON THE HAND. HAVE HIM BE RESPONSIBLE FOR HIS ACTIONS. HE MADE A DECISION THAT NIGHT. AND HE DID IT, AND HE ALMOST KILLED THAT YOUNG LADY. SHE CAME THIS FAR AWAY FROM LOSING HER LIFE. FIND HIM GUILTY AS CHARGED, LADIES AND GENTLEMEN. THANK YOU.
Initially, we note that the defendant did not object to these allegedly prejudicial remarks. The issue as to the propriety of closing argument remarks is not preserved for review where the defendant fails to make a timely objection to the remarks either during argument or shortly thereafter. State v. Dufrene, 461 So.2d 1263, 1270 (La.App. 1st Cir.1984). Additionally, there was no request for an admonition or a motion for a mistrial. Therefore, the defendant is deemed to have waived any such error on appeal. State v. Hookfin, 476 So.2d 481, 493 (La.App. 1st Cir.1985).
Nevertheless, despite the absence of a contemporaneous objection, extremely inflammatory and prejudicial remarks require reversal. State v. Hookfin, *1207 476 So.2d at 493. However, after a careful review of the prosecutor's closing argument, we find no extremely inflammatory and prejudicial remarks which would require a reversal under the circumstances presented herein. Ms. Troxclair testified regarding her serious injuries. The prosecutor was allowed to refer to Ms. Troxclair's serious injuries in arguing that sufficient proof of specific intent to kill had been established. Also, the prosecutor acted within the scope of closing argument in attacking the defendant's credibility and suggesting that he might like to avoid a lengthy prison sentence. However, in attempting to dissuade the jury from returning any possible responsive verdicts, the prosecutor listed these responsive verdicts and their corresponding sentences and, in effect, suggested that it would be unfair to allow the defendant to spend significantly less time in jail than Ms. Troxclair would spend in her wheelchair. In doing so, the prosecutor flirted with reversible error, since the determination of the appropriate penalty in non-capital cases is the function of the trial court and, therefore, the suggestion of an appropriate sentence is an improper subject for argument to the jury. See State v. Shannon, 531 So.2d 1113, 1115 (La.App. 4th Cir.1988), writ denied, 600 So.2d 632 (La.1992). However, given the overwhelming evidence of the defendant's guilt, these remarks by the prosecutor are not so extremely inflammatory and prejudicial that they could be said to have contributed to the guilty verdicts herein.
Accordingly, this assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER FIVE
In this assignment of error, the defendant contends that he was prejudiced both before and during the trial by the ineffective assistance of counsel.
A claim of ineffective assistance of counsel is more properly raised by an application for post-conviction relief in the district court where a full evidentiary hearing may be conducted. However, where the record discloses sufficient evidence to decide the issue of ineffective assistance of counsel when raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Teeter, 504 So.2d 1036, 1039-1040 (La.App. 1st Cir.1987).
In his brief to this Court, the defendant makes the following allegations of ineffective assistance of counsel:
1. At the time of his representation of the defendant in this matter, trial counsel was facing a criminal charge in federal district court of aiding and abetting a drug offense.
2. Trial counsel failed to call the defendant's mother as a witness at the motion to suppress hearing.
3. Trial counsel failed to retain an expert witness on alcohol consumption and its effects.
4. Trial counsel retained the ballistics expert too late in the proceedings.
5. Trial counsel failed to object to portions of the prosecutor's opening statement wherein she attempted to invoke sympathy for one of the victims, Ms. Troxclair.
6. Trial counsel failed to object to Blake Noble's testimony regarding the defendant's intent in the shootings.
7. Trial counsel failed to object and move for a mistrial when the prosecutor made a reference to other crimes evidence during her cross-examination of the defendant.
8. Trial counsel failed to object to the portion of the prosecutor's closing argument wherein she attempted to invoke sympathy for Ms. Troxclair.
In Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the United States Supreme Court established a two-part test for review of a convicted defendant's claim that his counsel's assistance was so defective as to require reversal of a conviction. First, the defendant must show that counsel's performance is deficient. Second, the defendant must show that this deficient performance prejudiced the defense.
Initially, we note that three of the above allegations cannot be reviewed on appeal because the record does not disclose sufficient evidence to demonstrate whether or not they contain any merit. Concerning the first allegation, we find that the instant *1208 record does not demonstrate the effect, if any, of the pending criminal charges against trial counsel. Only in an evidentiary hearing could evidence be adduced to establish whether or not defense counsel's pending criminal charges affected his performance such that the defendant was prejudiced thereby. Furthermore, allegations numbers two and three involve the production of evidence by the defense, and whether or not to call certain witnesses for the defense. Decisions relating to investigation, preparation, and strategy could not possibly be reviewed on appeal. See State v. Martin, 607 So.2d 775, 788 (La.App. 1st Cir.1992). Accordingly, these claims are not subject to appellate review.
Concerning the remaining allegations of ineffective assistance of counsel, a determination of the merits of these claims can be made upon the record before us. For the reasons which follow, we find that all five remaining claims of ineffective assistance of counsel lack merit. In the fourth allegation, the defendant contends that trial counsel retained the ballistics expert too late in the proceedings. However, as the State correctly asserts in its brief to this Court, the ballistics expert, Charles Haase, did testify as to his findings and opinion. Under these circumstances, the fact that Mr. Haase was retained rather late in the proceedings does not in any way prove that the defendant was prejudiced.
In the fifth and eighth allegations of ineffective assistance of counsel, the defendant contends that trial counsel failed to object to portions of the prosecutor's opening statement and closing argument wherein she attempted to invoke sympathy for one of the victims, Ms. Troxclair. However, the defendant has not identified any particular portion of the prosecutor's opening statement which was objectionable. We have reviewed the entire opening statement and have found no basis for an objection on the ground that the prosecutor attempted to invoke the jury's sympathy for Ms. Troxclair. Concerning the eighth allegation regarding the prosecutor's closing argument, we note that this allegation relates to the same issue contained in assignment of error number eight, which we have previously addressed and found to be meritless. Therefore, the defendant has failed to establish prejudice in these allegations.
In the sixth allegation, the defendant contends that trial counsel failed to object to Blake Noble's testimony regarding the defendant's intent in the shootings. The defendant's argument on this point is not entirely clear. Apparently, the defendant contends that the form of the prosecutor's questioning was improper because it called for an opinion by Mr. Noble as to the defendant's intent. The defendant explains his position in his brief to this Court as follows: "The question should have been couched strictly in factual terms and not as question (sic) of what the defendant's intent was." (Defendant's brief p. 13). At the trial, it was established that the defendant spoke with Noble after the shootings occurred. Any admissions, inculpatory statements, or confessions made by the defendant to Noble after the offenses occurred clearly were admissible. Noble related what the defendant said to him after the shootings occurred. Any error in the form of this questioning certainly did not rise to the level of reversible error. Therefore, the defendant has failed to establish prejudice in this allegation.
Finally, in the seventh allegation, the defendant contends that trial counsel failed to object and move for a mistrial when the prosecutor made a reference to other crimes evidence during her cross-examination of the defendant. However, this issue was previously addressed in the seventh assignment of error and found to be meritless. Therefore, the defendant has failed to establish any prejudice resulting from this claim of ineffective assistance of counsel. For the above reasons, this assignment of error is meritless.
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] Co-defendant Moody was tried separately and is not a party to the instant appeal.
[2] Defendant had made his objection to the use of simultaneous peremptory challenges at a hearing held on December 16, 1991, the day before the trial of this matter began.
[3] Although the defendant suggests in this assignment of error that the firearms were inadmissible because they were not properly connected with this case, the issue of the admissibility of the firearms was not a subject of the motion to suppress hearing. Furthermore, in the defendant's brief to this court, he makes no argument concerning the firearms in this assignment of error. Accordingly, any issue as to the admissibility of the firearms has been abandoned. Moreover, contrary to the defendant's assertion, there was sufficient evidence presented to establish that the two firearms introduced into evidence were those used by the defendant and Moody in this shooting incident.
[4] In determining whether or not the ruling on the defendant's motion to suppress was correct, an appellate court is not limited to the evidence adduced at the hearing on that motion. Instead, this court also may consider all pertinent evidence given at the trial of the case. State v. Merchant, 490 So.2d 336, 339 n. 2 (La.App. 1st Cir.), writ denied, 496 So.2d 326 (La.1986).