691 So.2d 291 (1997)
STATE of Louisiana
v.
Mary René NEESE.
No. 96 KA 1371.
Court of Appeal of Louisiana, First Circuit.
March 27, 1997.
*292 Millard K. Gatewood, Franklinton, and William R. Campbell, Jr., New Orleans, for Plaintiff-Appellee State.
Herbert Alexander, Mandeville, for Defendant-Appellant Mary Rene Neese.
Before WHIPPLE, PITCHER and FITZSIMMONS, JJ.
WHIPPLE, Judge.
The defendant, Mary Rene Neese, was charged by bill of information with two counts of armed robbery, in violation of LSA-R.S. 14:64. She pled not guilty and filed two motions to suppress her confession. After a hearing, the trial court took the matter under advisement. Subsequently, the trial court issued a lengthy written ruling denying the motions to suppress. The defendant withdrew her not guilty plea and pled guilty as charged, reserving her right to appeal the trial court's denial of the motions to suppress. See State v. Crosby, 338 So.2d 584 (La.1976). She received two concurrent sentences of ten years at hard labor, without benefit of parole, probation, or suspension of sentence, with credit for time served. The defendant has appealed, alleging two assignments of error, as follows:
1. The trial court erred in denying the defendant's motions to suppress since the confession was induced by the investigating officer.
2. The trial court erred in denying the defendant's motions to suppress since the State failed to carry its burden of showing that no inducements or promises were made to the defendant.
Because there was no trial, the following facts are derived from the testimony and evidence introduced at the motion to suppress hearing. On the night of October 15, *293 1994, Reginal and Maureen Bourne were robbed at gunpoint at their home in Pine, Louisiana.[1] At the time of the robberies, the two perpetrators, one male and one female, were unknown. A large amount of cash and valuables was taken from Mr. and Mrs. Bourne. About two weeks later, Detective Michael Varnado of the Washington Parish Sheriff's Office received information that Mr. Bourne had shot and killed Henry Bradley during a robbery attempt at a residence which Mr. Bourne owned in Diamond Head, Mississippi. Believing that Henry Bradley also might have been involved in the October 15 robberies of Mr. and Mrs. Bourne, Det. Varnado proceeded to Mr. Bradley's house on Dad Penton Road in Bush, Louisiana, where he encountered the defendant. Det. Varnado also suspected that the defendant might have been involved in both the October 15 robberies of Mr. and Mrs. Bourne and the robbery attempt at Mr. Bourne's Diamond Head residence. He informed the defendant of her Miranda rights and began to question her. At some point, the defendant's sister, Sheila Neese Mizell, arrived and was allowed to speak with the defendant. Knowing that Ms. Mizell would speak with the defendant, Det. Varnado informed Ms. Mizell that the money taken from Mr. and Mrs. Bourne was gambling money and that Mr. Bourne might not want to press charges.
Indicating that she wished to clear herself, the defendant agreed to travel to Mississippi to appear in a lineup. While en route to Mississippi, the defendant allegedly decided that she would rather be incarcerated in Louisiana than in Mississippi and confessed that she and Henry Bradley perpetrated the October 15 robberies of Mr. and Mrs. Bourne. When they arrived at the sheriff's office in Mississippi, the defendant gave Det. Varnado a taped confession, but it was later discovered that the tape recorder had malfunctioned and did not record this confession. After denying any involvement in the Mississippi robbery attempt during her questioning by Mississippi law enforcement authorities, the defendant returned with Det. Varnado to Louisiana. On the trip back, Det. Varnado asked the defendant if she would accompany him to the Bournes' residence and reenact the October 15 robberies. The defendant agreed. While they were at the Bournes' residence, the defendant gave detailed information about the October 15 robberies of Mr. and Mrs. Bourne. Finally, Det. Varnado took the defendant to the Washington Parish Sheriff's Office in Bogalusa, where she made another taped statement. A day or so later, the defendant wrote a letter to Det. Varnado implicating the victims' son, Greg Bourne, in the planning of the robberies of Mr. and Mrs. Bourne.

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
Both of these assignments of error relate to the alleged inducement which prompted the defendant's confession. Specifically, the defendant contends that her confession was induced by a statement that the victim, Mr. Bourne, probably would not want to press charges against the defendant because the money taken during the Louisiana armed robberies was gambling money.
It is well-settled that for a confession or inculpatory statement to be admissible into evidence, the State must affirmatively show that it was freely and voluntarily given without influence of fear, duress, intimidation, menaces, threats, inducements or promises. LSA-R.S. 15:451. The State must specifically rebut a defendant's specific allegations of police misconduct in eliciting a confession. State v. Thomas, 461 So.2d 1253, 1256 (La.App. 1st Cir.1984), writ denied, 464 So.2d 1375 (La.1985). Additionally, the State must show that an accused who makes a statement or confession during custodial interrogation was first advised of his Miranda rights. State v. King, 563 So.2d 449, 453 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (La.1990).
The admissibility of a confession is, in the first instance, a question for the trial court; its conclusions on the credibility and weight of the testimony relating to the voluntary *294 nature of the confession are accorded great weight and will not be overturned unless they are not supported by the evidence. State v. Sanford, 569 So.2d 147, 150 (La.App. 1st Cir.1990), writ denied, 623 So.2d 1299 (La.1993). See also State v. Patterson, 572 So.2d 1144, 1150 (La.App. 1st Cir.1990), writ denied, 577 So.2d 11 (La.1991). Whether or not a showing of voluntariness has been made is analyzed on a case by case basis with regard to the facts and circumstances of each case. State v. Benoit, 440 So.2d 129, 131 (La.1983). The trial court must consider the totality of the circumstances in deciding whether a confession is admissible. State v. Hernandez, 432 So.2d 350, 352 (La.App. 1st Cir.1983).
Three separate issues were raised at the hearing on the motions to suppress. First, there was a question of whether or not the defendant's confession was knowing and voluntary because of her Valium addiction. Second, the defense tried to establish that Det. Varnado failed to give a Miranda warning to the defendant at the beginning of the interrogation. Finally, the defense argued that Det. Varnado had improperly induced the defendant's confession by telling her that Mr. Bourne might not wish to press charges against her. However, only the inducement issue has been assigned as error by the defendant. Nevertheless, in her brief, the defendant also discusses her Valium addiction and raises the allegation that Det. Varnado failed to give her an initial Miranda warning at the beginning of the interrogation.
In its written reasons denying the motions to suppress, the trial court determined that Det. Varnado and Deputy Michael Thomas were credible witnesses and accepted their testimony that, almost as soon as they arrived at Henry Bradley's residence and began speaking with the defendant, Det. Varnado advised defendant of her Miranda rights. The defense tried to establish that the defendant had not been initially advised of her Miranda rights because Det. Varnado failed to include this information in his offense report. However, Det. Varnado testified that he omitted the information from his original offense report but, upon reviewing the report at a later time, he realized that he had omitted the initial Miranda warning to the defendant and he supplemented the report by stating that he had given an initial Miranda warning to the defendant. Det. Varnado's testimony on this point was corroborated by the testimony of Deputy Thomas, who indicated that he was surprised when, soon after they arrived, Det. Varnado advised the defendant of her Miranda rights. Deputy Thomas explained that he was surprised because, when they arrived, he did not know that the defendant was a suspect. We find no error in the trial court's credibility determination that the defendant was advised of the Miranda rights prior to interrogation.
The defendant has not argued that her Valium addiction rendered her confession involuntary. Instead, she contends that her Valium addiction should be considered with the other circumstances surrounding the confession. When the free and voluntary nature of a confession is challenged on the ground that the defendant was intoxicated at the time of the confession, the confession will be rendered inadmissible only when the intoxication is of such a degree as to negate the defendant's comprehension and to render him unconscious of the consequences of what he is saying. Whether or not intoxication exists and is of a degree sufficient to vitiate the voluntariness of the confession are questions of fact, and the trial court's conclusion on this issue will not be disturbed unless unsupported by the evidence. State v. Latiolais, 563 So.2d 469, 472 (La.App. 1st Cir. 1990).
We agree with the trial court's finding that there was no evidence that the defendant's Valium addiction rendered her confession involuntary. The defendant confessed on October 30, 1994. The medical evidence introduced by the defense indicated that the defendant quit taking Valium the next day and did not begin experiencing withdrawal symptoms until approximately November 4, 1994. Det. Varnado testified that when the defendant gave her confession, although she was upset when she learned that Henry Bradley was dead, she was cooperative, alert and understood what *295 was happening. There is no indication that the defendant's Valium addiction had any effect whatsoever upon her confession.
Regarding the inducement which allegedly rendered the defendant's confession involuntary, the trial court found the case of State v. Lockhart, 629 So.2d 1195 (La.App. 1st Cir. 1993), writ denied, 94-0050 (La.4/7/94); 635 So.2d 1132, to be controlling and concluded that the defendant's confession was given freely and voluntarily, without threats or inducement. In Lockhart, a detective misled the defendant into believing that the police knew more about the case than they really did by telling him that the victims had identified him. Another detective stated that he would inform the District Attorney's Office that the defendant contended the shootings were accidental. This Court found that the detectives' statements to the defendant were not sufficient inducements "to make an otherwise voluntary confession inadmissible." Lockhart, 629 So.2d at 1204. Similarly, in Sanford, 569 So.2d at 151-152, this Court determined that a defendant's confession was not rendered involuntary, although the detective apparently misled the defendant into believing that one of his cohorts had confessed by informing him that the other suspects were "singing like birds."
In the instant case, it is important to note that Det. Varnado specifically indicated that he did not promise that the defendant would not be charged. Instead, he informed the defendant's sister, Sheila Mizell, that since the money taken from Mr. Bourne was gambling money, he probably would not want to press charges. Det. Varnado testified that he took precautions to make sure the defendant did not hear this statement to Sheila Mizell, although he made the statement to her in the belief that she would communicate the statement to the defendant.
We agree with the trial court's conclusion that Det. Varnado's statement about whether or not the victim would press charges was not a sufficient inducement to render the defendant's confession involuntary. Since Mr. Bourne did not testify at the motion to suppress hearing, there is no indication that Det. Varnado's statement was a falsehood. Of course, while it is up to the District Attorney to institute a criminal prosecution, the fact that the victim's cooperation is often required for a successful prosecution cannot be ignored. Even if Det. Varnado lied about Mr. Bourne's intention not to press charges, as noted above, Det. Varnado specifically indicated that he did not promise the defendant that she would not be charged.
We find that Lockhart and Sanford, while not directly on point, are sufficiently similar to the instant situation to be controlling. As the trial court noted, the defendant's most pressing concern appeared to be avoiding incarceration in Mississippi. For some reason, the defendant apparently preferred to be arrested in Louisiana rather than in Mississippi. While the defendant argues in brief that she chose to be arrested here rather than in Mississippi because she believed that she would not be prosecuted here, we conclude, as did the trial court, that Det. Varnado's statement about Mr. Bourne's intention not to press charges simply was not a sufficient inducement to render the defendant's confession involuntary under the totality of the circumstances herein.
For the above reasons, these assignments of error are meritless.
CONVICTIONS AND SENTENCES AFFIRMED.
FITZSIMMONS, J., concurs and assigns reasons.
FITZSIMMONS, Judge, concurring, with reasons.
The "hope" expressed by Detective Varnado (that because the stolen money was gambling money, the victims probably would not press charges) is dangerously close to a prohibited "promise." See La. R.S. 15:451. If the attendant facts were not precisely as they are in this case, I would not have been able to find that the confession met with the requirements of La. R.S. 15:451.
NOTES
[1] The victims' name is spelled "Barne" in the trial transcript. We have used the spelling from the bill of information and the offense reports.