PARRO, J.
 

 |2The defendant, Juave Collins, was charged by grand jury indictment with second degree murder, in violation of LSA-R.S. 14:30.1. The defendant pled not guilty, but was found guilty as charged after a jury trial. The defendant was sentenced to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. The defendant now appeals, assigning error as to the constitutionality of the sentence imposed and the effectiveness of counsel. For the
 
 *1106
 
 following reasons, we affirm the conviction and sentence.
 

 STATEMENT OF FACTS
 

 On or about February 26, 2007, after 8:30 p.m., the Baton Rouge City Police Department responded to the shooting of an elderly victim, Henry Bellaire, at 221 River Crest Avenue in Baton Rouge. The victim’s daughter, Gaylyn Bellaire, was present at the time of the shooting. Gay-lyn testified that she routinely called home, as instructed by the victim, when she was within close proximity so he could meet her outside. Just before the shooting took place, Gaylyn called home and informed her parents that she was near the residence.
 

 As she approached the residence, Gay-lyn observed three black males walking towards her home. Gaylyn pulled into the driveway and began carrying groceries into the residence. The victim opened the garage door and came out to assist her. When Gaylyn went back outside to retrieve more groceries, one of the males approached her father and stated, “Give me all your money.” The victim stated that he did not have any money, and the individual shot him. Gaylyn called for emergency assistance.
 

 Gaylyn identified the defendant as the shooter, who was sixteen years old at the time of the shooting. The victim suffered a gunshot wound to the chest and died as a result. The other two black males at the scene of the |3shooting with the defendant, Tedrick Davis and Jonathan Dunn, also testified that the defendant was the person who shot the victim after attempting to rob him.
 

 ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
 

 In assignment of error number one, the defendant contends that the trial court erred in imposing an unconstitutionally excessive punishment. The defendant contends that this case confirms the inherent difficulties in sentencing a juvenile to life imprisonment without parole. The defendant notes that the trial judge concluded that he was incapable of ever being rehabilitated even though he had never been convicted before committing this crime at the age of sixteen. The defendant cites
 
 Roper v. Simmons,
 
 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), noting that the United States Supreme Court held that juvenile offenders have diminished culpability and concluded that a sentencing judge could not reliably predict a juvenile’s potential for rehabilitation and deterrence. The defendant notes that the defendant in
 
 Roper
 
 was sentenced to death as opposed to life imprisonment, but argues that the analysis in that case is still applicable to the instant case. In the second assignment of error, the defendant argues that in the event this court finds that the excessive sentence argument raised in assignment of error number one cannot be reviewed due to the lack of a motion to reconsider sentence, the failure of his trial counsel to file the motion constitutes ineffective assistance of counsel.
 

 One purpose of the motion to reconsider sentence is to allow the defendant to raise any errors that may have occurred in sentencing while the trial judge still has the jurisdiction to change or correct the sentence. The defendant may point out such errors or deficiencies, or may present argument or evidence not considered in the original sentencing, thereby preventing the necessity of a remand for resentencing.
 
 State v. Mims,
 
 619 So.2d 1059 (La.1993) (per curiam). Under the clear language of LSA-C.Cr.P. art. 881.1(E), failure to make or file a motion to reconsider sentence precludes a defendant from raising an ob
 
 *1107
 
 jection to the sentence on appeal, including a claim of excessiveness. As noted by the defendant, a motion to reconsider sentence was not filed in this case. Accordingly, the defendant is procedurally barred from having his challenge to the sentence, raised in assignment of error number one, reviewed by this court on appeal.
 
 State v. Felder,
 
 00-2887 (La.App. 1st Cir.9/28/01), 809 So.2d 360, 369,
 
 writ denied,
 
 01-3027 (La.10/25/02), 827 So.2d 1173.
 

 As noted, in assignment of error number two, the defendant argues that his trial counsel was ineffective in failing to file a motion to reconsider sentence. In the interest of judicial economy, we choose to consider the defendant’s excessiveness argument in order to address the claim of ineffective assistance of counsel.
 
 See State v. Wilkinson,
 
 99-0803 (La.App. 1st Cir.2/18/00), 754 So.2d 301, 303,
 
 writ denied,
 
 00-2336 (La.4/20/01), 790 So.2d 631.
 

 As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief in the trial court rather than on appeal. This is because post-conviction relief provides the opportunity for a full evidentiary hearing under LSA-C.Cr.P. art. 930.
 
 [2]
 
 However, when the record is sufficient, this court may resolve this issue on direct appeal in the interest of judicial economy.
 
 State v. Lockhart,
 
 629 So.2d 1195, 1207 (La.App. 1st Cir.1993),
 
 writ denied,
 
 94-0050 (La.4/7/94), 635 So.2d 1132.
 

 The claim of ineffective assistance of counsel is to be assessed by the two-part test of
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show that counsel’s performance was deficient and that the deficiency prejudiced him. Counsel’s performance is deficient when it can be shown that he made errors so serious that he was not | functioning as the “counsel” guaranteed to the defendant by the Sixth Amendment. Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. The defendant must make both showings to prove that counsel was so ineffective as to require reversal.
 
 Strickland,
 
 466 U.S. at 687, 104 S.Ct. at 2064. To carry his burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.”
 
 Strickland,
 
 466 U.S. at 694, 104 S.Ct. at 2068.
 

 The failure to file a motion to reconsider sentence in itself does not constitute ineffective assistance of counsel.
 
 Felder,
 
 809 So.2d at 370. However, if the defendant can show a reasonable probability that, but for counsel’s error, his sentence would have been different, a basis for an ineffective assistance claim may be found. Thus, the defendant must show that but for his counsel’s failure to file a motion to reconsider sentence, the sentence would have been changed, either in the trial court or on appeal.
 
 Felder,
 
 809 So.2d at 370.
 

 The Eighth Amendment to the United States Constitution and Article I, Section 20, of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence falls within statutory limits, it may be excessive.
 
 State v. Sepulvado,
 
 367 So.2d 762, 767
 
 *1108
 
 (La.1979). A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks one’s sense of justice.
 
 State v. Andrews,
 
 94-0842 (La.App. 1st Cir.5/5/95), 655 So.2d 448, 454. The trial court has | (¡great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion.
 
 See State v. Holts,
 
 525 So.2d 1241, 1245 (La.App. 1st Cir.1988). Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of LSA-C.Cr.P. art. 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria.
 
 State v. Brown,
 
 02-2231 (La.App. 1st Cir.5/9/03), 849 So.2d 566, 569.
 

 In
 
 State v. Dorthey,
 
 623 So.2d 1276, 1280-81 (La.1993), the Louisiana Supreme Court recognized that if a trial judge determines that the punishment mandated by the Habitual Offender Law makes no measurable contribution to acceptable goals of punishment or that the sentence amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime, he is duty bound to reduce the sentence to one that would not be constitutionally excessive. However, the holding in
 
 Dorthey
 
 was made only after, and in light of, express recognition by the court that the determination and definition of acts that are punishable as crimes is purely a legislative function. It is the legislature’s prerogative to determine the length of the sentence imposed for crimes classified as felonies. Moreover, courts are charged with applying these punishments unless they are found to be unconstitutional.
 
 Dorthey,
 
 623 So.2d at 1278.
 

 In
 
 State v. Johnson,
 
 97-1906 (La.3/4/98), 709 So.2d 672, 676, the Louisiana Supreme Court reexamined the issue of when
 
 Dorthey
 
 permits a downward departure from a mandatory minimum sentence, albeit in the context of the Habitual Offender Law. The court held that to rebut the presumption that the mandatory minimum sentence was constitutional, the defendant had to “clearly and convincingly” show that:
 

 [he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the | .legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
 

 Johnson,
 
 709 So.2d at 676. A trial judge may not rely solely upon the nonviolent nature of a crime before the court or of past crimes as evidence that justifies rebutting the presumption of constitutionality.
 
 Johnson,
 
 709 So.2d at 676. While both
 
 Dorthey
 
 and
 
 Johnson
 
 involve the mandatory minimum sentences imposed under the Habitual Offender Law, the Louisiana Supreme Court has held that the sentencing review principles espoused in
 
 Dorthey
 
 are not restricted in application to the penalties provided by LSA-R.S. 15:529.1.
 
 See State v. Fobbs,
 
 99-1024 (La.9/24/99), 744 So.2d 1274 (per curiam);
 
 State v. Henderson,
 
 99-1945 (La.App. 1st Cir.6/23/00), 762 So.2d 747, 760 n. 5,
 
 writ denied,
 
 00-2223 (La.6/15/01), 793 So.2d 1235;
 
 State v. Davis,
 
 94-2332 (La.App. 1st Cir.12/15/95), 666 So.2d 400, 407-08, writ
 
 *1109
 
 denied, 96-0127 (La.4/19/96), 671 So.2d 925.
 

 At the outset, we reject any argument that the United States Supreme Court’s analysis in
 
 Roper
 
 applies with equal force to the instant case, as the court in that case was specifically analyzing whether the death penalty is a disproportionate punishment for juveniles. The court specifically held that once the diminished culpability of juveniles is recognized, it is evident that the penological justifications for the
 
 death penalty
 
 apply to them with lesser force than to adults. Moreover, in
 
 Roper
 
 the Supreme Court affirmed the Missouri Supreme Court’s setting aside the defendant’s death sentence and resentencing him to “life imprisonment without eligibility for probation, parole, or release except by act of the Governor.”
 
 Roper,
 
 543 U.S. at 560, 125 S.Ct. at 1189.
 

 In imposing sentence in this case, the trial court listened to an impact statement by the victim’s wife, Elizabeth Bellaire. Elizabeth stated, in part, that the victim was a church-going person and family man and that his death caused trauma to their close-knit family. The trial court noted that the ¡^defendant showed a deliberate cruelty to the victim and found any lesser sentence than the mandatory sentence would deprecate the seriousness of the offense. The trial court also took into consideration that the defendant is a youthful offender, sixteen at the time of the offense, but also noted that the defendant is a violent person.
 

 Although the defendant was only sixteen at the time of the offense, he has failed to show how his youth justified a deviation from the mandatory sentence.
 
 See State v. Crotwell,
 
 00-2551 (La.App. 1st Cir.11/9/01), 818 So.2d 84, 46;
 
 Henderson,
 
 762 So.2d at 760-61. The defendant did not present any particular facts regarding his family history or special circumstances that would support a deviation from the mandatory sentence provided in LSA-R.S. 14:30.1(B). Based on the record before us, we find that the defendant has failed to show that he is exceptional or that the mandatory life sentence is not meaningfully tailored to his culpability, the gravity of the offense, and the circumstances of the case. Thus, we do not find that a downward departure from the mandatory life sentence was required in this case. The sentence imposed is not excessive and assignment of error number one lacks merit. Even if we were to conclude that the defendant’s trial counsel performed deficiently in not filing a motion to reconsider sentence, the defendant fails to show that he was prejudiced in this regard. Thus, the ineffective assistance of counsel argument raised in assignment of error number two is without merit. Accordingly, we affirm the conviction and sentence.
 

 CONVICTION AND SENTENCE AFFIRMED.
 

 [2]
 

 . The defendant would have to satisfy the requirements of LSA-C.Cr.P. art. 924 et seq., to receive such a hearing.