HIGGINBOTHAM, J.
?2The defendant, Lafelix D'ishon Miller, was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1. He entered a plea of not guilty and, following a jury trial, was found guilty of the responsive offense of manslaughter, a violation La. R.S. 14:31. He filed motions for new trial and postverdict judgment of acquittal, both of which were denied. He was sentenced to forty years at hard labor. He filed a motion to reconsider sentence, which was denied. The State subsequently filed a habitual offender bill of information. After a hearing, the defendant was adjudicated a fourth-felony habitual offender.[1] The district court vacated the defendant’s previously imposed forty-year sentence and sentenced the defendant to a term of life imprisonment at hard labor without the benefit of probation or suspension of sentence.[2] The defendant now appeals, arguing that the sentence imposed by the district court is excessive and that his trial counsel was ineffective for failing to file a motion to reconsider sentence.

FACTS

During the early morning hours of June 15, 2011, Bogalusa Police Department Officer James Cockrell was dispatched to 914 Front Street. Upon arrival, Officer Cock-rell observed several people standing outside as well as‘a naked black male, later identified as the defendant, standing on the front porch of the residence. Testimony at trial established that the defendant showed up to the Front Street house naked, pushed the .door open, and forced his.way inside. He then hit one. of the men inside the house, and a fight between the two ensued. One of the witnesses noticed |athat the defendant left a bloody handprint on the front door when he tried to push his way inside. According to another witness, the defendant had blood on his right hand and said, “I killed that white b* * * *» ■ ...
Upon Officer Cockrell’s arrival, the defendant walked toward him and asked, “Do you remember me?” The defendant: hit Officer' Cockrell in his face. The officer used his taser to subdue the defendant, but the defendant refused to put his hands behind his back, so the officer sprayed him with pepper spray. - Another officer reported to the scene, and-the two handcuffed the defendant and drove-him to police headquarters, where he was given a jumpsuit. During the process, Officer Cockrell noticed that the defendant had fresh cuts around his knuckles.
The defendant was taken to the hospital in order to have the taser probes removed. He was evaluated by a doctor and then returned to the police 'department with Officer Cockrell around 2:00 a.m. As the officer began filling out paperwork, he received a call regarding an unresponsive female 'severely beaten and lying in the front yard of what was later determined to be the'defendant’s rental home, which was one-and-one-half blocks from the house on *814 Front Street where the defendant was placed under arrest just hours earlier.
The female was identified as Crystal Igleharte, the victim. The victim’s shirt was ripped, and she was covered with blood. According to detectives, it appeared that an altercation occurred and stretched from the front door of the home to the location of the victim’s body on the sidewalk. Hair was found on the steps and front porch of the home. Part of the collar of the victim’s shirt was found near the front door. Beads from a necklace were recovered inside the residence and scattered across the front porch. Blood was also found inside the residence on part of a baby car seat.
Blood that was found on the front door knob at the defendant’s home was tested and determined to contain a mixture from at least two individuals, one major Hand one minor contributor. The defendant could not be excluded as the minor contributor, and the victim could not be excluded as the major contributor. Blood that was found on a baby car seat inside of the defendant’s residence was also tested and determined to contain a. mixture from two individuals. The defendant and the victim could not be excluded as contributors. The. area around one of the bite marks found on the victim was swabbed and tested. The results were consistent with a mixture from at least three individuals, two major contributors and at least one minor contributor. The victim and the defendant could not be excluded as major contributors to the profile.
The autopsy of the victim revealed multiple blunt force injuries to her head and face, nasal bone fractures, tears to her lips, and tongue contusions. There were injuries to her neck and hemorrhages in her eyes consistent with manual strangulation as well as multiple contusions and abrasions on her neck. The victim also suffered several abrasions and contusions on her arms, shoulders, back, and legs, and bite marks on her arms. The autopsy report indicated that the cause of death was manual strangulation.
The defendant was interviewed, but stated that he could not remember what took place that night. However, when advised that a female was found, dead in his front yard, the defendant responded that he “didn’t have any problem with that white girl.” Prior to his making that statement, detectives had not informed the defendant that the victim was white..

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO

. In his first assignment of error, the defendant argues that the mandatory life sentence imposed by the district court is unconstitutionally excessive. ' Furthermore, in his second assignment of error, he avers that this court should consider .the constitutionality of his. sentence even though his trial counsel failed to file a motion to reconsider sentence; and, in the event this court finds the failure of trial counsel ]sto file a motion to reconsider sentence precludes consideration of the constitutionality of the sentence, then this failure constitutes ineffective assistance of counsel.
The defendant filed a motion to reconsider sentence after the district court imposed the original sentence. However, a thorough review of the record indicates that the defendant did not make or file a second motion to reconsider after the original sentence was vacated and the new life sentence was imposed at the habitual offender hearing. Under La. Code Crim. P. art. 881.1E and 881.2A(1), the failure to make or file a motion to reconsider sentence shall preclude the defendant from raising an objection to the- sentence on *815 appeal, including a claim of excessiveness. See State v. Mims, 619 So.2d 1059 (La.1993) (per curiam). However, in the interest of judicial economy we will address this assignment of error, even in the absence of a timely filed motion to reconsider sentence or a contemporaneous objection, because it would be necessary to do so in order to analyze the ineffective assistance of counsel claim. See State v. Bickham, 98-1839 (La.App. 1st Cir.6/25/99), 739 So.2d 887, 891-92.
As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief in the district court rather than on' appeal. This is because' post-conviction relief provides the opportunity for a full evidentiary hearing under La. Code Crim. P. art. 930. However, when the record is sufficient, this court may resolve this issue on direct appeal in the interest of judicial economy. State v. Lockhart, 629 So.2d 1195, 1207 (La.App. 1st Cir.1993), writ denied, 94-0050 (La.4/7/94), 635 So.2d 1132.
The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiaha Constitution prohibit the imposition of excessive or cruel punishment. Althoúgh a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to | (¡appellate review. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one’s sense of justice. The district court is given wide discretion in imposing a sentence "within the statutory limits, and such a sentence will not be set aside as excessive in the1 absence '- of a manifest abuse of discretion. State v. Lilly, 2012-0008 (La.App. 1st Cir.9/21/12), 111 So.3d 45, 63, writ denied, 2012-2277 (La.5/31/13), 118 So.3d 386.
The Louisiana Code of Criminal Procedure "sets'forth, in Article 894.1, items that must be considered by the district court before imposing a sentence. Generally, the district court need not recite the entire checklist of factors, but the record must reflect that it adequately considered the criteria. State v. Hurst, 99-2868 (La.App. 1st Cir.10/3/00), 797 So.2d 75, 83, writ denied, 2000-3053 (La.10/5/01), 798 So.2d 962. However, the failure to articulate reasons for the' sentence as set forth in Article 894.1 when imposing a mandatory life sentence is not an error; articulating reasons or factors would be an exercise in futility- since the court has no discretion. State v. Hano, 2005-2090 (La.App. 1st Cir.6/9/06), 938 So.2d 181, 194, writ denied, 2006-1713 (La.1/26/07), 948 So.2d 164.
A claim of ineffectiveness of counsel is analyzed under the two-pronged' test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to establish that his trial attorney was ineffective, the defendant must first show that the attorney’s per-forrhance was deficient, which requires a showing that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment. Secondly, the defendant must prove that the deficient performance prejudiced the 17defense. This element requires a showing that the errors were so serious that the defendant was deprived of a fair trial; the defendant must prove actual prejudice before relief will be granted. It is not *816 sufficient for the defendant to show that the error had some conceivable effect on the-outcome of the proceeding. Rather, he must show that but for the counsel’s unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Further, it is unnecessary to address the issues of both counsel’s performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. State v. Serigny, 610 So.2d 857, 859-60 (La.App. 1st Cir.1992), writ denied, 614 So.2d 1263 (La.1993).
The failure to file a motion to reconsider sentence in itself does not constitute ineffective assistance of counsel. However, if the defendant can show a reasonable probability that, but for counsel’s error, his sentence would have been different, a basis for an ineffective assistance claim may be found. Thus, the defendant must show that but for his counsel’s failure to file a motion to reconsider sentence, his sentence would have been changed, either in the district court or on appeal. State v. Collins, 2009-1617 (La.App. 1st Cir.2/12/10), 35 So.3d 1103, 1107, writ denied, 2010-0606 (La.10/8/10), 46 So.3d 1265.
Louisiana Revised Statutes 15:529.1A(4)(b) provides: .
If the fourth felony and-two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at -the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or of any other crime -punishable by imprisonment for twelve years or more, or any combination of such dimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
The defendant’s fourth felony, manslaughter, is a crime of violence. See La. R.S. 14:2B(4). The defendant’s prior felony conviction for possession with intent to distribute cocaine is a violation of the Uniform Controlled Dangerous Substances |sLaw punishable by imprisonment for ten years or more.. See La. R.S. 40:967B(4)(b). His prior felony conviction for simple burglary of an inhabited dwelling is punishable by imprisonment for twelve years. See La. R.S. 14.-62.2B. Thus, under La. R.S. 15:529.1A(4)(a), the defendant, was subject to a mandatory life sentence without the benefit of parole, probation, or suspension of sentence. Courts are charged with applying a statutorily mandated punishment unless it is unconstitutional. State v. Dorthey, 623 So.2d 1276, 1278 (La.1993).
In State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676, the Louisiana Supreme Court re-examined the issue of when Dor-tkey permits a downward departure from a mandatory minimum sentence in the context of the Habitual Offender Law. The court held that to rebut the presumption that the mandatory minimum sentence was constitutional, the defendant had to “clearly and convincingly” show that:
[he]' is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure” to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
Johnson, 709 So.2d at 676 (quoting State v. Young, 94-1636 (La.App. 4th Cir.10/26/95), 663 So.2d 525, 528 (Plotkin, J., concurring), writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223).
*817 The district court sentenced the defendant to a term of life imprisonment at hard labor without the benefit of probation or suspension of sentence. At the sentencing hearing, the defendant presented no evidence to rebut the presumption that the mandatory life sentence was constitutional. On appeal, the defendant argues that this sentence was unconstitutionally excessive because he is a young man in his early thirties, his prior felony offenses were committed more than five years prior to filing of his brief, and two of his four prior felony convictions for possession of controlled dangerous substances were “victimless crimes.” He further complains Rthat “[i]n spite of the jury’s refusal to find [him] guilty of second degree murder with its statutory life sentence, the trial court undid what the jury had done and imposed [its] conclusions in sentencing.”
The defendant failed to “clearly and' convincingly” rebut the presumption that the mandatory life sentence was constitutional. The defendant did not present to the district court any particular or special circumstances that would support a deviation from the mandatory life sentence provided for in La. R.S. 15:529.1A(4)(b). The defendant failed to clearly and' convincingly show that because of unusual circumstances, he was the victim of the legislature’s failure to assign sentences that were meaningfully tailored to his culpability, the gravity of the offenses, and the circumstances of the case. See Johnson, 709 So.2d at 676. There was no reason for the distiict court to deviate from the provisions of La. R.S. 15:529.1A(4)(b) in sentencing the defendant, and the sentence was not grossly disproportionate to the severity of the offense. Therefore, the defendant’s mandatory life sentence was not unconstitutionally excessive.
In regard to the defendant’s ineffective assistance of counsel claim, even assuming, arguendo, that the trial counsel performed deficiently in failing to timely move for reconsideration of the sentence, the defendant suffered no prejudice from the deficient performance because this court considered the defendant’s excessive sentence argument in connection with the ineffective assistance of counsel claim. The defendant has not shown that his sentence was excessive'and would have been changed, either in the district court or on appeal, had such a motion been filed. See Collins, 35 So.3d at 1107. For the foregoing reasons, these assignments of error lack merit.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.

. The defendant’s predicate offenses include his February 25, 2008, convictions in the Twenty-Second Judicial District Court, for: (1) possession with intent to distribute a schedule II controlled dangerous substance (cocaine) under docket number (J5-CR8-093511; (2) two counts of simple burglary of an inhabited dwelling under docket number 05-CR8-092014; (3) two counts of possession of a schedule II controlled dangerous substances (cocaine and methadone) under docket number 06-CR8-094805; and (4) possession of a schedule II controlled dangerous substance (methadone) under docket number 07-CR8-096297.

. The defendant’s sentence is also deemed to be served without the benefit of parole. See La. R.S. 15:301.1,