**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2024 KA 0108**

STATE OF LOUISIANA

VERSUS

DAVID THEODORE WARD, JR.

Judgment Rendered: **NOV 2 2 2024**

* * * * * *

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 46292020

Honorable Scott Gardner, Judge Presiding

* * * * * *

| | |
|---|---|
| J. Collin Sims<br>District Attorney<br>-and-<br>Matthew Caplan<br>Assistant District Attorney<br>Covington, Louisiana | Counsel for Appellee<br>State of Louisiana |
| Bertha M. Hillman<br>Covington, Louisiana | Counsel for Defendant/Appellant<br>David Theodore Ward, Jr. |

* * * * * *

**BEFORE:  McCLENDON, WELCH, AND LANIER, JJ.**

**McCLENDON, J.**

The defendant, David Theodore Ward, Jr., was charged by amended bill of information with possession of a schedule II controlled dangerous substance (methamphetamine), a violation of LSA-R.S. 40:967(C)(1) (count one), possession of a schedule III controlled dangerous substance (buprenorphine), a violation of LSA-R.S. 40:968(C), and two counts of first degree vehicular negligent injuring, violations of LSA-R.S. 14:39.2 (counts three and four). He pled not guilty and, following a jury trial, was found guilty as charged on counts one and two, and guilty of the responsive verdicts of vehicular negligent injuring on counts three and four, misdemeanor violations of LSA-R.S. 14:39.1.

The State filed a multiple offender bill of information against the defendant as to his convictions on counts one and two. The defendant admitted to the allegations therein, and the trial court adjudicated him a fourth felony offender. As to each of counts one and two, the defendant was sentenced pursuant to LSA-R.S. 15:529.1 to twenty years at hard labor without benefit of probation or suspension of sentence. As to each of counts three and four, the defendant was sentenced to six months imprisonment. The trial court ordered all sentences to run concurrently to one another. The defendant now appeals and, for the following reasons, we affirm his convictions and sentences.

## FACTS

On July 28, 2020, the defendant was driving down Highway 190 in Mandeville, Louisiana when he veered across the center line and into oncoming traffic. The defendant struck the rear corner of a pickup truck driven by James Smith before colliding head-on with another vehicle driven by Sunny Pevey. When officers and emergency personnel arrived at the scene, the defendant was on the ground outside his vehicle with several lacerations on his face. Officers located a small bag of methamphetamine and several packages of buprenorphine lying under him. The defendant was then transported to the hospital where his blood sample tested positive for amphetamine and methamphetamine. As a result of the accident, Ms. Pevey suffered a broken rib and bruising to her chest, while Mr. Smith suffered chronic back pain.

2

## EXCESSIVE SENTENCE

In his sole assignment of error, the defendant argues that his habitual offender sentences as to counts one and two are constitutionally excessive.

The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. A sentence within statutory limits may still be considered excessive if it is grossly disproportionate to the seriousness of the offense, or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, the sentence shocks the sense of justice. **State v. Anderson**, 2022-0587 (La.App. 1 Cir. 12/22/22), 357 So.3d 845, 852, <u>writ denied</u>, 2023-00352 (La. 9/6/23), 369 So.3d 1267.

The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of an abuse of discretion. Louisiana Code of Criminal Procedure Article 894.1 sets forth the factors for the trial court to consider when imposing a sentence. While the entire checklist of LSA-C.Cr.P. art. 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. **Anderson**, 357 So.3d at 852.

The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. The trial judge should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. On appellate review, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. **Anderson**, 357 So.3d at 852.

In **State v. Dorthey**, 623 So.2d 1276, 1280-81 (La. 1993), the Louisiana Supreme Court opined that if the trial court were to find that the punishment mandated by the Habitual Offender Law makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful

3

imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," the trial court has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive. In **State v. Johnson**, 97-1906 (La. 3/4/98), 709 So.2d 672, 676-77, the Louisiana Supreme Court further examined the issue of when **Dorthey** permits a downward departure from a mandatory minimum sentence under the Habitual Offender Law. **Johnson** held that to rebut the presumption that a mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional. That is, because of unusual circumstances, this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. **Id.** While both **Dorthey** and **Johnson** involve the departure from mandatory minimum sentences, the Louisiana Supreme Court has held that principles set forth therein apply broadly to the penalties provided by LSA-R.S. 15:529.1. **State v. Collins**, 2009-1617 (La.App. 1 Cir. 2/12/10), 35 So.3d 1103, 1108, writ denied, 2010-0606 (La. 10/8/10), 46 So.3d 1265, citing **State v. Fobbs**, 99-1024 (La. 9/24/99), 744 So.2d 1274 (*per curiam*).

As applicable here, it is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedules II or III. LSA-R.S. 40:967(C) & LSA-R.S. 40:968(C). Methamphetamine is a controlled dangerous substance classified in Schedule II. Buprenorphine is a controlled dangerous substance classified in Schedule III. See LSA-R.S. 40:964, Schedule II (C)(2); LSA-R.S. 40:964, Schedule III (D)(2)(a); **State v. Steiner**, 2021-1337 (La.App. 1 Cir. 6/3/22), 2022 WL 1830834, *2 (unpublished). Whoever commits the crime of possession of a schedule II controlled dangerous substance with an aggregate weight of less than two grams shall be imprisoned, with or without hard labor, for not more than two years and may be sentenced to pay a fine of not more than five thousand dollars. See LSA-R.S. 40:967(C)(1). Whoever commits the crime of possession of a schedule III controlled dangerous substance, unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, shall be imprisoned, with or without hard labor, for not less than one year nor more than five years, and may be fined up to five thousand dollars. See LSA-R.S. 40:968(C).

4

Herein, the defendant was adjudicated a fourth felony offender with an enhanced sentencing range of twenty years to life imprisonment, without benefit of probation or suspension of sentence. See LSA-R.S. 15:529.1(A)(4)(a) & (G). Accordingly, the defendant faced a mandatory minimum sentence of twenty years imprisonment for both count one and count two.

At the sentencing hearing, the trial court declined to grant the defendant a downward departure from the mandatory minimum sentence, finding that the defendant failed to prove his case was exceptional such that a downward departure was appropriate. The trial court further considered each factor included in LSA-C.Cr.P. art. 894.1 and found no mitigating factors and several aggravating factors, including an undue risk the defendant would commit another crime, that he required correctional treatment, and that a lesser sentence would deprecate the seriousness of his crimes. The defendant then filed a motion to reconsider sentence, arguing that his multiple psychiatric episodes, paranoid delusions, and inpatient treatment for acute psychosis rendered the sentences excessive. The trial court denied the motion.

On appeal, the defendant contends that his sentences are excessive due to his mental health disorders and non-violent criminal history. However, a thorough review of the record reveals the trial court adequately considered the criteria of LSA-C.Cr.P. art. 894.1 prior to sentencing the defendant and did not abuse its discretion by imposing the mandatory twenty-year sentences in this case.

A trial judge may not rely solely upon the non-violent nature of the instant crime or of past crimes as evidence that justifies rebutting the presumption of a sentence's constitutionality. **Johnson**, 709 So.2d at 676. While the classification of a defendant's instant or prior offenses as non-violent should not be discounted, this factor was already considered under the Habitual Offender Law for third and fourth offenders. Louisiana Revised Statutes 15:529.1 provides that persons adjudicated as third or fourth offenders may receive a longer sentence if their instant or prior offense is defined as a crime of violence. Thus, the legislature, with its power to define crimes and punishments, has already made a distinction in sentences between those who commit crimes of violence and those who do not. Under the Habitual Offender Law, those offenders who have a

5

history of violent crime get longer sentences, while those who do not are allowed lesser sentences. Consequently, while a defendant's record of non-violent offenses may play a role in a sentencing judge's determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence excessive. **Id.**

Here, the defendant's non-violent criminal history exposed him to a mandatory minimum sentence of twenty years. However, had his instant and prior convictions been crimes of violence, the defendant would face a mandatory sentence of life imprisonment. See LSA-R.S. 15:529.1(A)(4)(c). Thus, the defendant's sentences of twenty years imprisonment adequately reflect the non-violent nature of his instant and previous offenses.

Moreover, while the defendant's history of mental health disorders and substance abuse may be relevant to sentencing, we cannot say this information rose to the level of clear and convincing evidence necessary to rebut the presumption of the sentence's constitutionality. Further, the defendant's prior convictions are legion and evidence decades of escalating criminality. Moreover, his actions in the instant offenses jeopardized the health and safety of the general public, causing significant and potentially long-term injury to two individuals. Accordingly, we cannot say the sentences imposed herein are grossly disproportionate to the severity of the offenses and thus are not constitutionally excessive. This assignment of error is without merit.

## CONCLUSION

For the above and foregoing reasons, the defendant's convictions, habitual offender adjudication, and sentences are affirmed.

**CONVICTIONS, HABITUAL OFFENDER ADJUDICATION, AND SENTENCES AFFIRMED.**