## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 KA 0303

STATE OF LOUISIANA

VERSUS

JOSEPH PAUL GRANT

*DATE OF JUDGMENT:* **NOV 0 9 2023**

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
PARISH OF ST. TAMMANY, STATE OF LOUISIANA
NUMBER 697-2019, DIVISION G

HONORABLE SCOTT GARDNER, JUDGE

\* \* \* \* \* \*

| | |
|---|---|
| Warren LeDoux Montgomery<br>District Attorney<br>Matthew Caplan<br>Assistant District Attorney<br>Covington, Louisiana | Counsel for Appellee<br>State of Louisiana |
| Gwendolyn K. Brown<br>Baton Rouge, Louisiana | Counsel for Defendant-Appellant<br>Joseph Paul Grant |

\* \* \* \* \* \*

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

**Disposition:** **CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.**

**CHUTZ, J.**

The defendant, Joseph Paul Grant, was charged by amended bill of information with first degree robbery, a violation of La. R.S. 14:64.1.[1] Prior to his arraignment and following a sanity hearing, the trial court found that the defendant was not competent to proceed. Subsequently, after his competency was found to be restored, the defendant pled not guilty. After a trial by jury, he was found guilty as charged. The trial court denied the defendant's motion for post-verdict judgment of acquittal and motion for new trial. The defendant was sentenced to forty years at hard labor without the benefit of probation, parole, or suspension of sentence. After he admitted the allegations of the multiple offender bill of information filed by the state, the defendant was adjudicated a fourth-felony habitual offender. The trial court vacated the original sentence imposed and sentenced the defendant to life imprisonment without the benefit of probation, parole, or suspension of sentence.[2] The trial court denied the defendant's oral motion to reconsider sentence.

The defendant now appeals, maintaining that his enhanced sentence is unconstitutionally excessive and that he was denied the effective assistance of counsel. For the following reasons, we affirm the conviction, habitual offender adjudication, and sentence.

---

[1] The defendant was originally charged with simple robbery, a violation of La. R.S. 14:65.

[2] The defendant admitted to the allegations contained in the multiple offender bill of information, which set forth the following prior convictions: (1) Theft of Goods over $500 on April 14, 2008 in Docket No. 07-6671 in the 24th Judicial District Court for the Parish of Jefferson; (2) Possession with Intent to Distribute Cocaine on November 27, 2007 in Docket No. 414-660 in the Criminal District Court for the Parish of Orleans; (3) Purse Snatching on January 17, 1992 in Docket No. 349-230 in the Criminal District Court for the Parish of Orleans; (4) Armed Robbery on January 17, 1992 in Docket No. 347-789 in the Criminal District Court for the Parish of Orleans; (5) Attempted Manslaughter on August 26, 1985 in Docket No. 305-085 in the Criminal District Court for the Parish of Orleans.

## FACTS

At approximately 12:50 a.m. on April 4, 2019, Serenity Wright was working alone at the Shell gas station located on Old Spanish Trail Road in Slidell, Louisiana. While Wright was standing behind the counter at the register, the defendant entered the store, walked behind the counter to where Wright was standing, and grabbed her. The defendant pinned Wright against the counter, pulled her hair, punched her, and told her to give him the money or he would shoot her. The defendant then stole five packs of cigarettes and most of the cash that was inside the register. He then exited the store, ran to his waiting vehicle, and left the premises.

Wright locked the door and called 911, and the police arrived approximately five minutes later. The responding officer, Officer Michael Koch with the Slidell Police Department, watched the store's surveillance footage and obtained a description of the suspect and his vehicle, which was determined to be a dark colored Infiniti SUV. Using the information obtained from the surveillance footage, officers apprehended the defendant during a traffic stop several hours after the robbery.

## EXCESSIVE SENTENCE

In his first assignment of error, the defendant argues that the trial court erred by imposing an excessive sentence.[3]

After adjudicating the defendant a fourth-felony habitual offender, the trial court imposed the mandatory sentence of life imprisonment without benefit of probation, parole, or suspension of sentence, pursuant to La. R.S. 15:529.1(A)(4)(c).[4] Defense counsel then stated, without articulating any specific

---

[3] Although the defendant listed two separate assignments of error in his brief, he argued both assignments of error together. We will address each of the assignments of error separately.

[4] Louisiana. Revised Statutes 15:529.1(A)(4)(c) states: "If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B) . . . the person shall be

3

objection or grounds, "Your Honor, at this time, we would move for Motion for Reconsideration." The trial court denied the oral motion, and no written motion to reconsider sentence was filed.

Herein, the defendant failed to adequately preserve this issue for appeal. While defense counsel made an oral "motion for reconsideration," he did not specify the grounds upon which the objection was based. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the State or the defendant from raising an objection to the sentence or from urging any ground on appeal that was not raised in the motion. La. Code Crim. P. art. 881.1(E). Where the defendant failed to object to his sentence as excessive and failed to state any specific circumstances that would justify a more lenient sentence, the defendant is procedurally barred from having this assignment of error reviewed. See *State v. Brown*, 12-0752 (La. App. 1st Cir. 4/10/13), 2013 WL 1459156, *7 (unpublished).

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second assignment of error, the defendant contends his trial counsel was ineffective based on his failure to file a detailed, written motion to reconsider sentence. Specifically, the defendant argues that his trial counsel failed to argue that the statutorily mandated sentence of life imprisonment was excessive due to his diminished mental capacity at the time the crime was committed.

As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief in the district court rather than on appeal. This is because post-conviction relief provides the opportunity for a full evidentiary hearing under La. Code Crim. P. art. 930. However, when the record is sufficient, this court may resolve this issue on direct

imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence."

4

appeal in the interest of judicial economy. *State v. Miller*, 15-1031 (La. App. 1st Cir. 12/23/15), 185 So.3d 811, 815, writ denied, 16-0152 (La. 1/23/17), 215 So.3d 681.

A defendant is entitled to effective assistance of counsel under the Sixth Amendment of the United States Constitution and Article I, § 13, of the Louisiana Constitution. *State v. LaCaze*, 99-0584 (La. 1/25/02), 824 So.2d 1063, 1078, cert. denied, 537 U.S. 865, 123 S.Ct. 263, 154 L.Ed.2d 110 (2002). A claim of ineffectiveness of counsel is analyzed under the two-pronged test developed by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

In order to establish that his trial attorney was ineffective, the defendant must first show the attorney's performance was deficient, which requires a showing that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment. Secondly, the defendant must prove that the deficient performance actually prejudiced him by showing that the errors were so serious that the defendant was deprived of a fair trial. *Miller*, 185 So.2d at 815.

The failure to file a motion to reconsider sentence in itself does not constitute ineffective assistance of counsel. However, if the defendant can show a reasonable probability that, but for counsel's error, his sentence would have been different, a basis for an ineffective assistance claim may be found. **Id.** at 816. Moreover, when the sentence was imposed pursuant to the Habitual Offender Law, the defendant must rebut the presumption that the sentence was constitutional. *State v. Johnson*, 97-1906 (La. 3/4/98), 709 So.2d 672, 676.

On appeal, the defendant argues that his trial counsel failed to articulate to the court the extent to which his mental health affected his culpability for the instant offense, as well as for his predicate convictions. In support of his argument, the defendant points out that the trial court previously observed his

emotional and mental distress and determined he was not competent to proceed at that time. Accordingly, the defendant contends his counsel was ineffective in failing to argue, either orally or in a written motion, that the sentence of life imprisonment was excessive due to the defendant's diminished capacity and obvious mental health concerns.

We have reviewed the record herein and find that it is insufficient to make a definitive finding as to the defendant's claim of ineffective assistance of counsel. At a sanity hearing on August 9, 2019, the trial court referenced a prior hearing where the defendant was "visibly disturbed, disoriented, and did not seem to understand why he was [in court]." Accordingly, pursuant to a doctor's report and both parties' stipulation, the trial court found that the defendant was not competent to proceed. On June 3, 2020, based on the medical reports prepared after the defendant's reevaluation, the parties stipulated that his competency had been restored. The record before us, however, does not contain the defendant's medical records (either prior to the instant offense or leading up to his competency restoration), the medical reports prepared regarding his mental competency, or any additional information regarding his mental capacity at the time the instant offense was committed, or his overall mental health and acuity, or impairments thereto.

Accordingly, considering the nature of the defendant's allegations, we find that his ineffective assistance of counsel claim cannot possibly be reviewed on appeal. Only in an evidentiary hearing in the district court, where the defendant could present evidence beyond what is contained in the instant record, could these allegations be sufficiently investigated.[5] See *State v. Tingle*, 12-1928 (La. App. 1st Cir. 6/7/13), 2013 WL 2484316, *7 (unpublished); see also *State v. Dantin*, 19-0407 (La. App. 1st Cir. 12/17/19), 291 So.3d 1096, 1102. Therefore, this assignment of error is not subject to appellate review.

---

[5] The defendant would first have to satisfy the requirements of La. Code Crim. P. arts 924, et seq., in order to receive such a hearing.

**CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.**